UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH L. HAYES,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 2:15-cv-01765 JCC JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: June 3, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 11, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence as the examining psychologists explained the bases for their conclusions and indicated reliance on plaintiff's mental status

examinations, which demonstrated the objective bases for their opinions regarding plaintiff's limitations.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, SARAH L. HAYES, was born in 1967 and was 38 years old on the amended alleged date of disability onset of July 1, 2006 (*see* AR. 24, 50, 270-72, 272-78). Plaintiff completed the eighth grade and has not obtained her GED (AR. 58). Plaintiff was last employed part-time in the floral department of a grocery store but was fired for mental health issues (AR. 59).

Regarding plaintiff's severe impairments, according to the ALJ:

> [F]rom the claimant's amended onset date of July 1, 2006 through her date last insured of December 31, 2011, the record established that the claimant had the following severe impairments: polysubstance dependence, posttraumatic stress disorder, bipolar disorder and personality disorder.  As of August 3, 2012, the record established that the claimant had the following additional severe impairments: status post arthroscopy repair of medial meniscus of the left knee, mild disc and facet disease without significant narrowing in the lumbar spine, [and] pain disorder (20 CFR 404.1520(c) and 416.920(c)).

(AR. 27).

At the time of the hearing, plaintiff was living with a roommate/caregiver (AR. 57).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 117-28, 129-40, 143-58, 159-74). Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on January 9, 2014 (*see* AR. 47-90). On February 27, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 21-46).

On September 9, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in November, 2015 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on February 16, 2016 (*see* Dkt. 9).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred when she failed to give clear and convincing reasons for rejecting the medical opinions of an examining psychiatrist and two examining psychologists, thereby requiring acceptance of the improperly rejected opinions as a matter of law; and (2) Whether or not the ALJ erred when she failed to pose a complete hypothetical question to the vocational witness ("VE") that included all the functional limitations documented in

the record, rendering the VE's testimony less than substantial evidence (*see* Dkt. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)    Whether or not the ALJ erred when she failed to give clear and convincing reasons for rejecting the medical opinions of an examining psychiatrist and two examining psychologists, thereby requiring acceptance of the improperly rejected opinions as a matter of law.**

Plaintiff contends that the ALJ erred when failing to credit multiple opinions from examining doctors. Defendant contends that there is no error as the ALJ relied on findings supported by substantial evidence in the record when failing to credit fully these medical opinions.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or

other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either an examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).

      a.  Dr. Geordie Knapp, Psy.D., examining doctor

Dr. Knapp examined plaintiff on February 5, 2009 (AR. 473-77). As noted by the ALJ, Dr. Knapp opined that plaintiff had "severe limitations in her ability to exercise judgment and make decisions . . . . [and] marked limitations in her ability to . . . . respond appropriately to and tolerate the pressure in expectation of a normal work setting," among other opinions (AR. 35). The ALJ failed to credit fully the opinions of Dr. Knapp with a finding that "Dr. Knapp did not explain the basis for these conclusions and there is nothing in his evaluation that illuminates why the claimant had these marked limitations" (*id*). However, as noted by plaintiff, "Dr. Knapp does explain and illuminate the bases for his opinion of [plaintiff's] functional limitations on the same page as he rates the limitations" (Dkt. 11, p. 7 (*citing* AR. 480)). For example, after providing opinions regarding plaintiff's limitations with respect to various cognitive factors, such as the severe limitation in plaintiff's ability to exercise judgment and make decisions, Dr. Knapp hand wrote a few sentences in subsection (f), which asks the doctor to "describe the basis for each rating in this section" (AR. 475). Dr. Knapp explained that plaintiff's

"concentration, memory, [and] initial comprehension all appear quite impaired - could not learn complex tasks; judgment severely impaired" (*id*.). Therefore, the ALJ's finding that Dr. Knapp did not explain the basis for his conclusions is not based on substantial evidence in the record as a whole.

Similarly, the finding by the ALJ that "nothing in [Dr. Knapp's] evaluation [] illuminates why the claimant had these marked limitations" also is not based on substantial evidence in the record as a whole (AR. 35). Dr. Knapp's mental status evaluation of plaintiff revealed that plaintiff's concentration was variable, her speech was verbose and rapid, her associations were tangential, her stream of thought was tangential, her motor activity was hyperactive and agitated, her affect was labile, her mood was anxious, agitated and depressed, the content of her thought was depressive with helplessness/hopelessness; and, she demonstrated poor insight and "not intact" judgment (*see* AR. 477). Therefore, the ALJ's finding that nothing in Dr. Knapp's evaluation "illuminates" why Dr. Knapp opined that plaintiff suffered from these marked limitations is not a finding based on substantial evidence in the record as a whole.

The ALJ relied on these two findings, which are not based on substantial evidence in the record, in order to support the conclusion that it therefore "appears that Dr. Knapp relied heavily on [plaintiff's] subjective reports" (AR. 35). However, as revealed by the Court's discussion concluding that these findings are not based on substantial evidence in the record, this dependent finding that Dr. Knapp therefore relied heavily on plaintiff's subjective reports also is not based on substantial evidence in the record as a whole. In addition to the references above to the mental status examination which support Dr.

Knapp's opinions regarding plaintiff's variable concentration, poor insight and "not-intact" judgment, Dr. Knapp also indicated that her motor agitation was "intense [and] visible" and that her "marked" thought disorder was based on Dr. Knapp's observation that plaintiff was "very tangential, [and] sometimes hard to follow" (AR. 474). The Court concludes that the ALJ's inference that Dr. Knapp relied heavily on plaintiff's subjective reports is not based on substantial evidence in the record as a whole.

Defendant offers an additional rationale as to why there was no error in the ALJ's failure to credit fully the opinion from Dr. Knapp (Dkt. 14, p. 7). Defendant contends that Dr. Knapp opined that plaintiff's limitations would not last beyond February, 2011, but the relevant period of time began on September 9, 2010 (*see id.*). First, this rationale is not persuasive, as indicated by the dates noted by defendant, Dr. Knapp opined that plaintiff's limitations would extend into the relevant period of time (*see id.; see also* AR. 476). Second, this reason was not offered by the ALJ and according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ's reasoning when failing to credit fully the opinion of Dr. Knapp is not based on

substantial evidence in the record as a whole. The Court also concludes that the error is not harmless.

Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, a reasonable ALJ, when fully crediting the opinion evidence from Dr. Knapp that plaintiff had severe limitations in her ability to exercise judgment and make decisions and had marked limitations in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting "'could have reached a different disability determination.'" *Marsh, supra*, 792 F.3d at 1173 (*citing Stout, supra*, 454 F.3d at 1055-56). Therefore, the error is not harmless.

b.  Dr. Stephen Johansen, Ph.D., examining psychologist

Similar to the opinions of Dr. Knapp, on September 4, 2009, Dr. Johansen opined that plaintiff suffered from marked limitations in her ability to exercise judgment and make decisions and in her ability to maintain appropriate behavior in a work setting, as well as opining that she suffered from severe limitations in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting (AR. 495). He explained that his opinion regarding her marked limitations on her ability to exercise judgment and make decisions was based on his observation of her "impaired social judgment, impulsive[ity], [and] disorganized decision-making" (*id*.). He also indicated that his opinion regarding her severe limitation, which is defined as on the sheet as an "inability to perform one or more basic work-related activities," in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting was based on his observation of plaintiff's impulsivity, labile affect, and inability to tolerate distress/frustration (*id*.). Dr. Johansen furthermore indicated that he personally observed plaintiff's symptoms of expansive and labile affect, as well as her tangential and excessive verbiage (AR. 493). He opined that plaintiff's limitations would last more than 12 months and did not suggest that they would not continue into the relevant period of time (*see* AR. 496).

Although the ALJ found that plaintiff's activities of daily living indicated a higher level of function, nothing in the listed activities, such as shopping, preparing meals, and doing household chores, are inconsistent with Dr. Johansen's opinion that plaintiff had severe limitations in her ability to respond appropriately to and tolerate the pressures and

expectations of a normal work setting (*see* AR. 35). None of these activities takes place in a normal work setting or demonstrates that plaintiff could function adequately in a normal work setting. Therefore, in addition to reviewing anew the medical opinion of Dr. Knapp following remand of this matter, *see supra*, section 1.a, the ALJ should evaluate anew the medical opinion of Dr. Johansen following remand of this matter.

The Court also notes plaintiff's arguments with respect to the opinion of psychiatrist Dr. Susan Hakemann, M.D. in July 2012, and notes plaintiff's argument that the ALJ gave significant weight to the opinions of state agency psychologists but failed to include all of their opinions regarding specific functional limitations into the residual functional capacity ("RFC") determination and into the hypothetical presented to the VE (*see* Dkt. 11, pp. 9, 12-13). Because of these arguments, and because the Court already has concluded that this matter should be reversed and remanded for further consideration of the medical evidence as discussed above, *see supra* sections 1.a and b, the Court concludes that the ALJ should evaluate anew all of the medical evidence following remand of this matter. *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

**(2)  Whether or not the ALJ erred when she failed to pose a complete hypothetical question to the vocational witness (VE) that included all the functional limitations documented in the record, rendering the VE's testimony less than substantial evidence.**

The Court already has addressed these arguments, and for the reason stated above, the ALJ will need to reformulate the RFC following a new review of the medical

evidence and also will need to develop new hypothetical questions for the VE based on this new review.

## CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 3, 2016**, as noted in the caption.

Dated this 10th day of May, 2016.

J. Richard Creatura
United States Magistrate Judge